IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JUDITH BUETTGEN and )
CHARLES BUETTGEN, )
                              )
    Plaintiffs, )
                              )
vs. )   Case No. 06-2092
                              )
WAL-MART STORES, INC., )
                              )
    Defendant. )

FILED
MAY 11 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**NOTICE FOR REMOVAL**

Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeFranco and Bradley, P.C., respectfully shows to this Court:

    1.    That Plaintiffs filed a complaint in the Circuit Court for the Sixth Judicial Circuit, Macon County, Illinois, designated as No. 06-L-53.

    2.    That said action involves claims under the theories of negligence and loss of consortium. Plaintiffs alleged that the actions and/or omissions of Defendant caused plaintiff Judith Buettgen to fall and fracture her right shoulder and Plaintiffs requested in excess of $50,000, exclusive of interest and costs. Plaintiff alleged that she suffered severe and permanent injuries. Plainitff's medical damages allegedly related to the incident are $40,309.63 and plaintiff underwent shoulder surgery allegedly as a result of the incident. Moreover, plaintiff alleged that, as a result of her claimed injuries, she has been prevented from attending to her usual affairs and duties, has lost wages and income, has incurred and become liable for large sums of money in hospital, medical, and related expenses, and has incurred and will continue to incur pain and suffering.

3.	That Defendant reasonably, and in good faith, believes that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Normand v. Orkin Exterminating Company, Inc.*, 193 F.3d 908, 910 (7th. Cir. 1999) (holding that "to satisfy diversity jurisdiction [party seeking removal] must demonstrate no more than a good faith, minimally reasonable belief that [plaintiff's claim] will result in a judgment in excess of $75,000.00").

4.	That said action involves a controversy between citizens of different states. Plaintiffs are now and were at the commencement of this action, citizens of the State of Illinois. Defendant Wal-Mart Stores, Inc. is not now and was not at the time of the commencement of this action a corporation organized under the laws of the State of Illinois and did not and does not have its principal place of business in the State of Illinois. Rather, Wal-Mart Stores, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Arkansas.

5.	That said action is one in which the District Courts of the United States are given original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.	That the notice is filed in this Court within thirty days after receipt of plaintiff's complaint as permitted under 28 U.S.C. § 1446(b).

7.	As of the date of removal, Defendant filed no responsive pleadings in state court. Plaintiff filed a complaint in the state court action. A copy of all process and pleadings are attached, in accordance with 28 U.S.C. § 1446(a).

WHEREFORE, Defendant, Wal-Mart Stores, Inc., desires to remove this action to the United States District Court for the Central District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this court.

DeFRANCO & BRADLEY, P.C.

By _____
James E. DeFranco, #06181134
Cody S. Moon, #06280657
785 Wall Street, Suite 200
O'Fallon, IL 62269
(618) 628-2000
(618) 628-2007 Fax
ATTORNEYS FOR Wal-Mart Stores, Inc.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDITH BUETTGEN and<br>CHARLES BUETTGEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT

STATE OF ILLINOIS    )
                          ) SS
COUNTY OF ST. CLAIR  )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for Wal-Mart Stores, Inc. herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

_____
James E. DeFranco

SUBSCRIBED AND SWORN TO before me this ___2___ day of ___May___, 2006.

_____
Notary Public

* OFFICIAL SEAL *
MEGAN R. CANTWELL
Notary Public, State of Illinois
My Commission Exp. 08/15/09

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

JUDITH BUETTGEN and )
CHARLES BUETTGEN, )
      Plaintiff, )
  )
vs. ) No. 2006-L-53
  )
WAL-MART STORES, INC., ) **JURY DEMAND**
  )
      Defendant. )

## COMPLAINT

### COUNT I

NOW COMES the Plaintiff, JUDITH BUETTGEN, by and through her attorneys, DePAEPE LAW OFFICE, and for Count I of her Complaint against the Defendant, WAL-MART STORES, INC., states as follows:

1.    That at all times relevant hereto, JUDITH BUETTGEN, is and has been a resident of Macon County, Illinois.

2.    That the Defendant, WAL-MART STORES, INC., is a corporation organized to sell goods in Macon County, Illinois.

3.    That this Complaint is based upon an injury that occurred at WAL-MART STORES, INC. in Forsyth, Macon County, Illinois on April 10, 2004.

4.    That at the aforementioned time and place, JUDITH BUETTGEN was walking through the lawn/garden department of WAL-MART STORES, INC. when she tripped and fell over landscape timber causing her to fracture her right shoulder.

5.    While operating its place of business at the aforementioned time and place, WAL-MART STORES, INC. owed JUDITH BUETTGEN a duty to exercise reasonable care in

the care and upkeep of said premises and breached said duty and was otherwise negligent in one or more of the following respects:

(a) Failed to keep and maintain a safe environment for patrons;

(b) Failed to post signs or warnings of any kind to make patrons aware of a hazardous area;

(c) Failed to barricade or block off, in any way, the site complained of herein; and

(d) Failed to rearrange or relocate the landscape timber when it knew or should have known that it posed a hazard to patrons.

6. As a direct and proximate result of one or more of the foregoing, WAL-MART STORES, INC. caused an accident at the aforementioned time and place causing injury and damages to JUDITH BUETTGEN. Plaintiff has been prevented from attending to her usual affairs and duties and has lost wages and income. Plaintiff has incurred and become liable for large sums of money in hospital medical and related expenses. Plaintiff has incurred and will continue to incur pain and suffering, all to her damage in a substantial amount, all in excess of the jurisdictional amount of $50,000.00.

WHEREFORE, the Plaintiff, JUDITH BUETTGEN, prays for judgment in favor of the Plaintiff and against the Defendant, WAL-MART STORES, INC., in excess of $50,000.00 plus costs.

## COUNT II
(Consortium)

NOW COMES the Plaintiff, CHARLES BUETTGEN, through his attorneys, DePAEPE LAW OFFICE and for Count II of his Complaint against the Defendant, WAL-MART STORES,

INC., states as follows:

    1-6.    Plaintiff repeats and realleges the allegations of &1-6 of Count I as and for &1-6 of Count II.

    7.    That at all times mentioned herein, CHARLES BUETTGEN was the lawfully wedded spouse of JUDITH BUETTGEN.

    8.    As a direct and proximate result of the injury to his wife, CHARLES BUETTGEN, during the times aforesaid, was deprived of the society, services, consortium and earnings of his wife.

WHEREFORE, Plaintiff, CHARLES BUETTGEN, demands judgment against the Defendant, WAL-MART STORES, INC., in an amount greater than $50,000.00 plus costs of suit.

**PLAINTIFFS DEMAND TRIAL BY JURY
OF TWELVE (12) ON ALL COUNTS**

    JUDITH BUETTGEN and CHARLES BUETTGEN, Plaintiffs, by and through their attorneys, DePaepe Law Offices

By:_____
    Louis A. DePaepe

LOUIS A. DePAEPE
Reg #6208032
DePAEPE LAW OFFICE
222 West Market Street, Post Office Box 77
Taylorville, Illinois 62568
217/824-2104

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

| | |
|---|---|
| JUDITH BUETTGEN and<br>CHARLES BUETTGEN,<br>    Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) No. 2006-L-<br>)<br>) JURY DEMAND<br>)<br>) |

### AFFIDAVIT OF LOUIS A. DEPAEPE
### PURSUANT TO SUPREME COURT RULE 222

Now comes LOUIS A. DEPAEPE who under oath deposes and states as follows:

1. That my name is Louis A. DePaepe, and I am the Attorney for Plaintiffs in the above-referenced cause.

2. That I believe the damages in the above referenced case can fairly be computed in an amount in excess of Fifty Thousand Dollars ($50,000.00).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
LOUIS A. DEPAEPE

SUBSCRIBED AND SWORN to before me, a Notary Public, this _____ day of _____, 2006.

_____
NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDITH BUETTGEN and CHARLES BUETTGEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 06-2092 ) |
| WAL-MART STORES, INC., | ) ) ) |
| Defendant. | ) |

FILED
MAY 11 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for Wal-Mart Stores, Inc. in the above-entitled cause; that on the __2nd__ day of __May__, 2006, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to Louis DePaepe, 222 West Market Street, P.O. Box 77, Taylorville, IL 62568, in the above-captioned cause, and that attached to said Notice was a copy of Notice for Removal.

Affiant further says that on the __2nd__ day of __May__, 2006, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Sixth Circuit Court, Macon County Courthouse, Illinois.

_____
James E. DeFranco

SUBSCRIBED AND SWORN TO before me this __2__ day of __May__, 2006.

_____
Notary Public

* OFFICIAL SEAL *
MEGAN R. CANTWELL
Notary Public, State of Illinois
My Commission Exp. 08/15/09

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDITH BUETTGEN and CHARLES BUETTGEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 06-2092<br>)<br>)<br>)<br>)<br>) |

**NOTICE**

TO:   Macon County Circuit Clerk
        Louis A. DePaepe, Esq.

FILED
MAY 11 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

    YOU ARE HEREBY NOTIFIED that Wal-Mart Stores, Inc. did on the ___2nd___ day of ___May___, 2006, file in the United States District Court for the Central District of Illinois, a Notice for Removal, together with copies of all process, pleadings and orders served upon them in a certain civil action pending in the Circuit Court for the Sixth Judicial Circuit, Macon County, Illinois, Cause No. 06-L-53.

                                DeFRANCO & BRADLEY, P.C.

                                By _____
                                    James E. DeFranco, #06181134
                                    Cody S. Moon, #06280657
                                    785 Wall Street, Suite 200
                                    O'Fallon, IL 62269
                                    (618) 628-2000
                                    (618) 628-2007 Fax
                                    ATTORNEYS FOR
                                    Wal-Mart Stores, Inc.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
MAY 1 1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA

## I. (a) PLAINTIFFS
Judith Buettgen and Charles Buettgen

## DEFENDANTS
Wal-Mart Stores, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Louis A. DePaepe, DePaepe Law Office,
222 West Market Street, P.O. Box 77, Taylorville, IL 62568

Attorneys (If Known)
James E. DeFranco, DeFranco & Bradley, P.C., 785 Wall St., Ste. 200, O'Fallon, IL 62269 (618) 628-2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ■ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ■ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ■ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory |
| **REAL** | **CIVIL RIGHTS** | **PRISONER** | ☐ 740 Railway Labor | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land | ☐ 441 Voting | ☐ 510 Motions to Sentence | ☐ 790 Other Labor | ☐ 865 RSI (405(g)) | ☐ 892 Economic |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX** | ☐ 893 Environmental |
| ☐ 230 Rent Lease & | ☐ 443 Housing/Accommodatio | ☐ 530 General | | ☐ 870 Taxes (U.S. or Defendant) | ☐ 894 Energy Allocation |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third 26 USC 7609 | ☐ 895 Freedom of Act |
| ☐ 245 Tort Product | ☐ 445 Amer. Employment | ☐ 540 Mandamus & | | | ☐ 900 Appeal of Fee Under Equal Access to Justice |
| ☐ 290 All Other Real | ☐ 446 Amer. Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality State Statutes |
| | ☐ 440 Other Civil | ☐ 555 Prison | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ■ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Plaintiff alleged claims under ADA, Illinois Human Rights Act, negligence, and premises liability.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 2, 2006

SIGNATURE OF ATTORNEY OF RECORD: _(signature)_

**FOR OFFICE USE ONLY**