IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JUDITH BUETTGEN and CHARLES BUETTGEN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Case No. 06-2092 |
| WAL-MART STORES, INC., | ) ) ) | |
| Defendant. | ) | |

### ANSWER, ADDITIONAL DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, Wal-Mart Stores, Inc., by and through its attorney James E. DeFranco of DeFranco & Bradley, P.C., for its answer, additional defenses, and jury demand to plaintiff's complaint states:

#### COUNT I

1. Defendant admits the allegations set forth in ¶ 1 of Count I of plaintiffs' complaint.

2. Defendant admits that it is a corporation, admits that it sells goods in Macon County, Illinois, but denies the remaining allegations of fact set forth in ¶ 2 of Count I of plaintiffs' complaint.

3. Defendant admits that the lawsuit is based on the alleged injury that occurred at Wal-Mart Stores, Inc. in Forsythe, Macon County, Illinois, on April 10, 2004, but denies the remaining allegations of fact set forth in ¶ 3 of Count I of plaintiffs' complaint.

4. Defendant has insufficient information to form a belief as to the veracity of the allegations set forth in ¶ 4 of Count I of plaintiffs' complaint and therefore denies them.

5. Defendant denies the allegations as set forth in ¶ 5 of Count I of plaintiffs' complaint and further denies the allegations of each sub-paragraph thereof.

6. Defendant denies that plaintiff was injured as the direct and proximate result of any negligent act or omission on its part and further denies that plaintiff was injured to the extent claimed.

### ADDITIONAL DEFENSES

7. Further answering, without waiving its denial of liability to plaintiff, defendant states that the sole proximate cause of plaintiff's injuries, if the incident occurred as she alleges, was her own conduct in failing to keep a proper lookout, failure to look where she was walking, and failure to exercise due care for her own safety under the circumstances.

8. Further answering, in the alternative, and without waiving its denial of liability, defendant states that plaintiff was contributorily negligent for the reasons set forth above, and that plaintiff should be barred from recovering damages because plaintiff's contributory fault is more than 50% of the proximate cause of the injury or damage for which recovery is sought, pursuant to § 2-1116 of the Code of Civil Procedure (735 ILCS 5/2-1116). In the further alternative, defendant states that if the trier of fact finds that the contributory fault on the part of plaintiff is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, any damages should be diminished in the proportion to the amount of fault attributable to the plaintiff pursuant to Sec. 2-1116 of the Code of Civil Procedure (735 ILCS 5/2-1116).

WHEREFORE, having fully answered Count I of plaintiffs' complaint, defendant requests the court enter judgment in its favour and award its costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT II

1. Defendant admits the allegations set forth in ¶ 1 of Count II of plaintiffs' complaint.

2. Defendant admits that it is a corporation, admits that it sells goods in Macon County, Illinois, but denies the remaining allegations of fact set forth in ¶ 2 of Count II of plaintiffs' complaint.

3. Defendant admits that the lawsuit is based on the alleged injury that occurred at Wal-Mart Stores, Inc. in Forsythe, Macon County, Illinois, on April 10, 2004, but denies the remaining allegations of fact set forth in ¶ 3 of Count II of plaintiffs' complaint.

4. Defendant has insufficient information to form a belief as to the veracity of the allegations set forth in ¶ 4 of Count II of plaintiffs' complaint and therefore denies them.

5. Defendant denies the allegations as set forth in ¶ 5 of Count II of plaintiffs' complaint and further denies the allegations of each sub-paragraph thereof.

6. Defendant denies that plaintiff was injured as the direct and proximate result of any negligent act or omission.

7. Defendant has insufficient information to form a belief as to the veracity of the allegations set forth in ¶ 4 of Count II of plaintiffs' complaint and therefore denies them.

8. Defendant admits the allegations set forth in ¶ 8 of Count II of plaintiffs' complaint.

## ADDITIONAL DEFENSES

9. Further answering, without waiving its denial of liability to plaintiff, defendant states that sole proximate cause of Charles Buettgen's injuries was the conduct of co-plaintiff,

Judith Buettgen, in failing to keep a proper lookout, failure to look where she was walking, and failure to exercise due care for her own safety under the circumstances.

10.    Further answering, in the alternative, and without waiving its denial of liability, defendant states that co-plaintiff, Judith Buettgen, was contributorily negligent for the reasons set forth above, and that plaintiff should be barred from recovering damages because co-plaintiff, Judith Buettgen, contributory fault is more than 50% of the proximate cause of the injury or damage for which recovery is sought, pursuant to § 2-1116 of the Code of Civil Procedure (735 ILCS 5/2-1116). In the further alternative, defendant states that if the trier of fact finds that the contributory fault on the part of co-plaintiff, Judith Buettgen, is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, any damages should be diminished in the proportion to the amount of fault attributable to the plaintiff pursuant to Sec. 2-1116 of the Code of Civil Procedure (735 ILCS 5/2-1116).

WHEREFORE, having fully answered Count I of plaintiffs' complaint, defendant requests the court enter judgment in its favour and award its costs.

**DEFENDANT DEMANDS TRIAL BY JURY**

DeFRANCO & BRADLEY, P.C.

By _____
James E. DeFranco, #06181134
Dana E. Vetterhoffer, #6287602
785 Wall Street, Suite 200
O'Fallon, IL 62269
(618) 628-2000
(618) 628-2007 Fax
ATTORNEYS FOR DEFENDANT
WAL-MART STORES, INC.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JUDITH BUETTGEN and )
CHARLES BUETTGEN, )
)
    Plaintiffs, )
)
vs. ) Case No.
)
WAL-MART STORES, INC., )
)
    Defendant. )

## AFFIDAVIT

STATE OF ILLINOIS )
                        ) SS
COUNTY OF ST. CLAIR )

    James E. DeFranco, duly sworn on his oath, deposes and states:

    1)    I am one of the attorneys for defendant Wal-Mart Stores Inc., and am authorized to execute this affidavit on its behalf.

    2)    The statements of want of knowledge and insufficient information contained in the answer are true and correct to the best of my knowledge, information and belief.

                                                   JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this ___ day of May, 2006.

                                                   NOTARY PUBLIC

* OFFICIAL SEAL *
MEGAN R. CANTWELL
Notary Public, State of Illinois
My Commission Exp. 08/15/09

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JUDITH BUETTGEN and CHARLES BUETTGEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 06-2092 |
| WAL-MART STORES, INC., | ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of May, 2006, I electronically filed **Wal-Mart Stores, Inc.'s answer, additional defenses, and jury demand to plaintiff's complaint,** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Louis A. DePaepe, Esq.        depaepelaw@ctitech.com


DeFRANCO & BRADLEY, P.C.


By    s/James E. DeFranco
    James E. DeFranco, #06181134
    Cody S. Moon, #6280657
    Dana E. Vetterhoffer, #6287602
    785 Wall Street, Suite 200
    O'Fallon, IL 62269
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT
    WAL-MART STORES, INC.